UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE CWALT, INC., ALTERNATIVE LOAN TRUST 2005-47CB, MORTAGE PASS-THROUGH CERTIFICATES, SERIES 2005-47CB,<br><br>                  Plaintiff,<br>vs.<br><br>THOUSAND ISLAND 1960, LLC, et al.,<br><br>                  Defendants. | 3:20-cv-00095-LRH-WGC<br><br>**MINUTES OF THE COURT**<br><br>July 13, 2020 |

PRESENT:  THE HONORABLE WILLIAM G. COBB, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:  KAREN WALKER    REPORTER:  NONE APPEARING

COUNSEL FOR PLAINTIFF(S):  NONE APPEARING

COUNSEL FOR DEFENDANT(S):  NONE APPEARING

**MINUTE ORDER IN CHAMBERS:**

     Before the court is the motion of Sarah Morris, Esq., and Timothy A. Wiseman, Esq., of the Morris Law Center, to withdraw as counsel for Defendant Thousand Island 1960, LLC, (ECF No. 17). Counsels' motion was served on Thousand Island 1960, LLC (ECF No. 17 at 7). No timely response has been filed.  Therefore, counsels' motion (ECF No. 17) is **GRANTED**.

     Although 28 U.S.C. § 1654 allows "parties" to "plead and conduct their own cases personally," the statute has not been interpreted to allow corporate entities to do so. "Corporations and other unincorporated associations must appear in court through an attorney." *In re America W. Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994) (per curiam) (citations omitted).  This rule "prohibits *pro se* plaintiffs from pursuing claims on behalf of others in a representative capacity." *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008); *see also C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) (trustee may not appear *pro se* because he is not the person who by substantive law has the right sought to be enforced).

///

MINUTES OF THE COURT
3:20-cv-00095-LRH-WGC
July 13, 2020
Page Two
_____/

      As Judge Hicks noted in *HDR Insurance Managers, LLC v. Summit Insurance Services, Inc.*, No. 2:09-cv-0380-LRH-GWF (D. Nev. 2011),

> It is well recognized that a corporation may only appear in federal court through licensed counsel. *See e.g., Rowland v. California Mens Colony, Unit II Mens' Advisory Council*, 506 U.S. 194, 200-201 (1983); *In re Highley*, 459 F.3d 554, 555 (9th Cir. 1972).

      **IT IS HEREBY ORDERED** that Defendant Thousand Island 1960, LLC, shall file a substitution of counsel within **thirty (30) days** of this order, i.e., on or before **Monday, August 17, 2020**. Thousand Island 1960, LLC, should be aware that if it fails to timely secure replacement counsel, its participation in the Tran-Thousand Island Motion to Dismiss (ECF No. 9) may be terminated.

      **IT IS FURTHER ORDERED** that a copy of this order and all documents filed until Defendant Thousand Island 1960, LLC, obtains counsel shall be served on Thousand Island 1960, LLC, via regular mail at the following addresses:

      Thousand Island 1960, LLC
      Post Office Box 18251
      Reno, Nevada 89511

      Thousand Island 1960, LLC
      3225 McLeod Drive, Suite 100
      Las Vegas, Nevada 89121

      DEBRA K. KEMPI, CLERK

      By: _____/s/_____
           Deputy Clerk